UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24824

TATIANA FERNANDA SAPERSTEIN,

    Plaintiff,

vs.

MAMA PIZZA AND BAKERY CORP, AND
VIVIAN RICARDO CAESAR,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Tatiana Fernanda Saperstein, sues Defendants, Mama Pizza and Bakery Corp, and Vivian Ricardo Caesar, as follows:

*Parties, Jurisdiction, and Venue*

1. Plaintiff, Tatiana Fernanda Saperstein, is over 18 years old and has been a sui juris resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff consents to participate in this lawsuit.

3. Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

4. Plaintiff was a non-exempt employee of the Defendants.

5. Defendant, Mama Pizza and Bakery Corp, is a sui juris Florida for-profit corporation that was authorized to conduct and conducted its for-profit restaurant in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

1

6. Defendant, Vivian Ricardo Caesar, is over 18 years old, sui juris, and an owner/officer/director/manager of the corporate Defendant during the time relevant to this lawsuit who ran its day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, et seq.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most, if not all, of the operational decisions were made in this District.

10. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

*Background Facts*

12. Plaintiff worked as a "cleaner" for the Defendants from approximately May 10, 2025, to approximately July 11, 2025.

13. To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

14. Plaintiff's job duties involved cleaning the whole restaurant, including the dining area, bathrooms, and kitchen.

15. Plaintiff regularly and routinely used and cleaned with detergents, liquids, mops, brooms, spray bottles, dusters, paper towels, materials, equipment, and supplies that moved in interstate commerce prior to her use of same, and which were manufactured, assembled, packaged, formulated, or transported from outside of the State of Florida before they were used in Defendant's establishment, to allow the Defendants to operate their restaurant.

16. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

17. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that have moved through interstate commerce.

18. Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

19. Furthermore, Defendants regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going

3

outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

20. Defendants also engage in e-commerce through relationships with DoorDash, Postmates, and Uber Eats, which involve he regular and recurrent exchange of electronic information and payment through interstate communications.

21. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Tatiana Fernanda Saperstein, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

22. Defendants agreed to pay Plaintiff $13.00 per hour of work she performed for them.

23. Defendants paid Plaintiff $520.00 via Zelle for one week of work, as the equivalent of 40 hours of work performed.

24. Defendants paid Plaintiff $260.00 in cash for half of another week of work, as the equivalent of 20 hours of work performed

25. Defendants failed to pay Plaintiff the applicable federal minimum wage of $7.25 per hour for each of the hours/remaining hours that she worked by <u>failing to pay her in a timely manner</u> for the hours she worked for Defendants from approximately May 22, 2025, to July 11, 2025.

26. As a direct and proximate result of Defendant's violations of the FLSA, as set forth above, Ms. Saperstein is entitled to the applicable federal minimum wage (or remainder of the federal minimum wage) for all unpaid/underpaid hours worked.

27. Plaintiff is entitled to a back pay award of minimum wages under the FLSA for all unpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE, Plaintiff, Tatiana Fernanda Saperstein, demands the entry of judgment in her favor and against Defendants Mama Pizza and Bakery Corp and Vivian Ricardo Caesar jointly and severally, after trial by jury as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    f. Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Tatiana Fernanda Saperstein, reincorporates and re-alleges paragraphs 1-21 as though set forth fully herein and further alleges as follows:

28. Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

29. Plaintiff was entitled to be paid $19.50 for each overtime hour she worked for Defendants, which is one and one-half times the applicable Florida minimum hourly wage of $13.00.

30. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate (of at least the applicable Florida minimum wage of $13.00 per hour) for all hours worked over 40 hours in a given workweek.

31. Plaintiff was damaged by the Defendants' failure to timely pay her the overtime wage she earned and is entitled to recover from the Defendants all overtime wages earned but not timely paid, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Tatiana Fernanda Saperstein, demands the entry of a judgment in her favor and against Defendants, Mamma Pizza and Bakery Corp., and Vivian Ricardo Caesar jointly and severally, after trial by jury as follows:

   a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff be awarded all other interest allowed by law; and

   e. Award Plaintiff such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff, Tatiana Fernanda Saperstein, demands a trial by jury of all issues so triable.

Respectfully submitted this 20th day of October 2025.

s/Brian H. Pollock.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
Counsel for Plaintiff
