UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24824-ALTONAGA/REID

TATIANA FERNANDA SAPERSTEIN,

    Plaintiff,

vs.

MAMA PIZZA AND BAKERY CORP AND
VIVIAN RICARDO CAESAR,

    Defendants.

_____/

## **PLAINTIFF'S RENEWED MOTION FOR DEFAULT FINAL JUDGMENT**

Plaintiff, Tatiana Fernanda Saperstein, through her undersigned counsel and pursuant to Federal Rule of Civil Procedure 55, Local Rule 7.1, and other applicable rules and laws, requests that the Court enter a Final Judgment in her favor and against Defendants, Mama Pizza and Bakery Corp and Vivian Ricardo Caesar, based on the following good cause:

1.    Plaintiff, Tatiana Fernanda Saperstein, sued Defendants, Mama Pizza and Bakery Corp, and Vivian Ricardo Caesar, for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, by failing to pay her minimum wages and overtime wages. [ECF No. 1].

2.    Plaintiff provided a copy of the Summons and Complaint to her process server, who served both Defendants on October 29, 2025, at the address of 7429 Riviera Boulevard, Miramar, Florida 33023. [ECF Nos. 7-1, 8-1].

3. Defendants took none of the required actions and filed nothing through the date set forth below, such that the Clerk of Courts granted Plaintiff's Motion for Entry of Clerk's Default. [ECF No. 13].

4. Appended to this motion as Exhibit "A" is a Declaration of Indebtedness by Plaintiff, Tatiana Fernanda Saperstein.

5. In Exhibit "A," Ms. Saperstein declared that she is owed $2,552.00 in unpaid minimum wages and $1,228.50 in unpaid overtime wages, plus liquidated damages of $3,780.50. (Exhibit "A") and [ECF No. 6].

6. As the prevailing party in this case, Plaintiff seeks the recovery of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) and Fla. Stat. 448.08, and therefore seeks an order of entitlement to recover her attorneys' fees and costs from Defendants, jointly and severally.

7. A proposed Final Default Judgment is being filed with this motion as Exhibit "B."

8. Plaintiff is serving a copy of this Motion on Defendants by U.S. Mail at the address where they were served with process in this action.

WHEREFORE, Plaintiff, Tatiana Fernanda Saperstein, requests the Court to issue a Final Judgment in her favor against Defendants, Mama Pizza and Bakery Corp and Vivian Ricardo Caesar, for damages, liquidated damages, attorneys' fees and costs, and to award such other and further relief as the Court deems just and proper.

## **MEMORANDUM OF LAW**

In *Eagle v. Hosp. Physicians, LLC v. SRG Consulting, Inc.*, the Eleventh Circuit Court of Appeals recognized that, "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact,

is concluded on those facts by the judgment, and is barred from contesting on appeal the facts established.'" 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const Co. v. Houston Nat'l Vabj*, 515 F.2d 1200, 1206 (5th Cir. 1975); also citing *Buchanan v. Bowman*, 820 F.2d 359,361 (11th Cir. 1987)).

Satisfying this standard, Ms. Saperstein alleged facts in the complaint that, as admitted pursuant to Defendants' default, establish that Defendants were subject to and violated the FLSA by failing to pay her minimum wages and overtime wages she earned, thereby entitling Ms. Saperstein to recover her unpaid minimum and overtime wages, liquidated damages, and attorneys' fees and costs.

## **FLSA CLAIMS**

To recover under the FLSA, Plaintiff is "simply" required to demonstrate "a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (citing 29 U.S.C. §§206, 207, and 215(a)(2) and (5).)

### A. **Defendant Employed Plaintiff**

Plaintiff alleged in the Complaint that Defendants, Mama Pizza and Bakery Corp and Vivian Ricardo Caesar were Plaintiff's direct employers, joint employers, and co-employers and were responsible for paying Plaintiff's wages. [ECF No. 1 at ¶¶ 3, 4, 7, 12, 22, 28].

### B. **The FLSA Applies to Defendant and to Plaintiff's Work for Defendant**

Plaintiff must also demonstrate that she is entitled to the protections of the FLSA by virtue of enterprise or individual coverage.

> To establish enterprise coverage under the FLSA, a business must have "employees engaged in commerce or in the production of goods for commerce or that [have] employees

handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe v. E& S Landscaping Serv., Inc.,* 488 F.3d 1264, 1266 (citing 29 U.S.C. §207(a)(1)).

*West v. Aventura Limousine & Transp. Serv., Inc.,* 2012 U.S. Dist. LEXIS 114368, at *4 (S.D. Fla. Aug. 14, 2012).

In the Complaint, Plaintiff alleged that the Defendants' restaurant had employees who were engaged in interstate commerce and had gross revenues exceeding $50,000 per year during the time Plaintiff worked. [ECF No. 1 at ¶¶ 15-21]. Plaintiff further alleged that Defendants' restaurant "regularly and recurrently" utilized computers, equipment, telephone lines, and electronic transmissions that also traveled through interstate commerce. [*Id.* at ¶ 19]. Plaintiff, therefore, sufficiently alleged a basis for the Court to find that Defendant is subject to FLSA enterprise coverage. *Exime v. E.W. Ventures Inc.,* 591 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008) ("a defendant employer, grossing in excess of $500,000, is subject to enterprise coverage where at least two employees engage in 'handling, selling, or otherwise working on goods or materials that have been moved or produced for commerce by any person.'") (quoting 29 U.S.C. § 203(s)(1)(A)(i)).

Plaintiff further alleged that her work for Defendants was actually in or so closely related to the movement of commerce in the course of her handling and cleaning with detergent, liquids, mops, brooms, spray bottles, dusters, paper towels, material, equipment, and supplies that have traveled through interstate commerce, that the FLSA applies. [ECF No. 15]. Therefore, Plaintiff sufficiently alleged a basis for the Court to find that she is entitled to individual FLSA coverage. *See e.g., Thorne v. All Restoration Services, Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006) (individual coverage exists for employees "regularly using the instrumentalities of interstate commerce in her work, e.g.,

regular and recurrent use of interstate telephone, telegraph, mail, or travel.") (citing 29 C.F.R. §§ 776.23(d)(2) and 7776.24(2005)).

### C. <u>Plaintiff Performed Work for Which She Was Not Paid</u>

Plaintiff did not have the benefit of accurate time and pay records from Defendant, and so she based her calculations on her best estimate of the dates and times worked and the pay she received for that work. (*See* Exhibit "A").

> An employee who brings suit under s 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that [s]he performed work for which [s]he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employee who has the duty under s 11(c) of the Act to keep proper records of wages, hours, and other conditions and practices of employment and who is in a position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out h[er] burden of proof.

*Anderson v. Mt. Clemmens Pottery Co.*, 328 U.S.680, 686-87 (1946). Plaintiff attested to having suffered damages for unpaid FLSA minimum wages of $2,552.00 and unpaid FLSA overtime wages of $1,228.50. [ECF No. 6; Exhibit "A"]. Plaintiff thus satisfied the requirement that she provide the court with evidentiary support for her damages recoverable under the FLSA.

> Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 123 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.3d 1538, 1544 (11th Cir. 1985)).

*Febles v. RC Painting Contractors, Inc.*, 2013 U.S. Dist. LEXIS 198664, at *1 (S.D. Fla. Dec. 31, 2013).

### D. <u>Plaintiff is Entitled to Liquidated Damages</u>

The FLSA requires the doubling of an award unless the employer(s) can successfully show good faith pursuant to 29 U.S.C. § 260. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1295, 1272 (11th Cir. 2008) ("Under the FLSA, a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages."); *see also Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566-68 (11th Cir. 1991). The employer carries the burden of proving its entitlement to the "safe harbor" provisions of the Portal-to-Portal Act. *Joiner v. City of Macon*, 814 F. 2d 1537, 1539 (11th Cir. 1987). Defendants have not and cannot meet their burden by failing to defend this action; therefore, the Court must award liquidated damages to Plaintiff in amounts equal to her unpaid minimum wages and overtime wages. *See Joiner*, 814 F.2d at 1539. ("Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith.") Consequently, Ms. Saperstein is entitled to recover an additional amount of $3,780.50 as liquidated damages from Defendant.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the court enter a Default Final Judgment against Defendants, granting the relief described herein and determining that Plaintiff is the prevailing party entitled to attorneys' fees and costs pursuant to 29 U.S.C. §216(b). Plaintiff further requests that the Court reserve jurisdiction to determine the amount of such attorneys' fees and costs upon Plaintiff's subsequent application.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/ECF System on this 22nd day of December 2025, which will effect service on all who appear in this action, and by U.S. Mail on Defendants, Mama Pizza and

Bakery Corp and Vivian Ricardo Caesar, 7429 Riviera Boulevard, Miramar, Florida 33023 (the address where they were served with process in this action).

s/Katelyn Schickman, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
