UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24824-ALTONAGA/REID

TATIANA FERNANDA SAPERSTEIN,

    Plaintiff,

vs.

MAMA PIZZA AND BAKERY CORP AND
VIVIAN RICARDO CAESAR,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff, Tatiana Fernanda Saperstein's Second Renewed Motion for Default Final Judgment ("Motion") [ECF No. 25]. A Clerk's Default ("Clerk's Default") [ECF No. 13] was entered against Defendants, Mama Pizza and Bakery Corp and Vivian Ricardo Caesar (collectively, "Defendants"), on November 25, 2025, as Defendants failed to appear, answer, or otherwise plead to the Complaint [ECF No. 1]. The Court has carefully considered the Motion, the record, and applicable law.

### I. BACKGROUND

1. The cause of action is for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* [ECF No. 1].

2. Plaintiff served Defendants with the Summons and Complaint on October 29, 2025. (*See* Returns of Service [ECF Nos. 7-1, 8-1]).

3. Due to Defendants' failure to appear, answer, or otherwise plead to the Complaint, the Clerk entered default against both Defendants on November 25, 2025. (*See* Clerk's Default [ECF No. 13]).

4. Plaintiff has submitted a Declaration of Indebtedness attesting to the hours she worked and the corresponding wages she is owed. (*See* Ex. A to Motion [ECF No. 25-1]).

5. Based on Plaintiff's calculations, Defendants owe her **$2,552.00** in unpaid minimum wages and **$1,228.50** in unpaid overtime wages. Plaintiff also seeks an equal amount of **$3,780.50** in liquidated damages. (*See id.*).

6. These calculations are based on Plaintiff's best estimate of the dates and times she worked, given that records reflecting the exact dates and times worked by Plaintiff, and the wages paid for those hours, are believed to be in Defendants' custody and control. ([ECF No. 1, at ¶ 13]; *see also* 29 U.S.C. § 211(c)).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. However, a "defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default...." (alterations added; citations omitted)).

If the facts in the complaint are sufficient to establish liability, then the Court must determine the appropriate amount of damages. *See Petmed Express, Inc. v. Medpets.com, Inc.*, 336

F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). Where all the essential evidence is on record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone … We have held that no such hearing is required where all essential evidence is already of record." (alteration added; citations omitted)).

### III. ANALYSIS

"[T]he requirements to state a claim of a[n] FLSA violation are quite straight forward." *Sec'y of Labor v. Labbe,* 319 F. App'x 761,763 (11th Cir. 2008). "The FLSA requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.,* 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. §§ 206(a), 207(a)).

"[T]he FLSA prohibits an employee from working more than 40 hours a week unless that employee is compensated at 'a rate not less than one and one-half times the regular rate at which [s]he is employed.'" *Perez v. Paul Newman Dazzling Detailing, Inc.,* 2024 U.S. Dist. LEXIS 109847 (M.D. Fla. June 21, 2024) (quoting 29 U.S.C. §207(a)(2)). Any employer who violates the FLSA's minimum or overtime wage provisions is "liable to the employee … affected in the amount of [her] unpaid minimum wages, or [her] unpaid overtime compensation … and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

To state a claim under the FLSA for unpaid wages, an employee must allege: "(1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages." *Ray v. Adams & Assocs., Inc.,* 599 F. Supp. 3d 1250, 1256 (S.D. Fla. 2022) (Bloom, J.) (citing *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

A. **Employment Relationship**

Plaintiff asserts FLSA overtime and minimum wage violations against both Defendants. [ECF No. 1]. "[T]he FLSA broadly defines 'employ' as 'to suffer or permit to work,' 29 U.S.C. § 203(g), and an 'employer' as 'any person acting … in the interest of an employer in relation to an employee,' 29 U.S.C. § 203(d)." *Schumann v. Collier Anesthesia, P.A.*, 2013 U.S. Dist. LEXIS 81100, at *5 (M.D. Fla. Jun. 10, 2013). Pursuant to the FLSA, Plaintiff "may file suit directly against an employer that fails to pay h[er] the statutory wage or make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011); *See Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir. 1986) (*citing Donavan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) (explaining that a person is derivatively liable if he is intimately involved in the day-to-day operations of an employer that would be directly liable under the FLSA)).

Here, Plaintiff has sufficiently allegedly that both Defendants were her employer within the meaning of the FLSA. In her Complaint, Plaintiff states that "Defendants were Plaintiff's direct employers, joint employers, and co-employers," and that she worked as a "cleaner" for Defendants from approximately May 10, 2025, to July 11, 2025—performing job duties including cleaning the dining area, bathrooms, and kitchen of Defendant's restaurant. [ECF No. 1 at ¶¶ 7, 12, 14]. She further alleges that Defendant Vivian Ricardo Caesar, as Mama Pizza and Bakery Corp's corporate officer and manager, acted on behalf of Mama Pizza and Bakery Corp, "ran its day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiff's wages." (*See* ECF No. 1, at ¶¶ 6-7). These facts, taken as true, establish that Defendant Caesar acted on behalf of Mama Pizza and Bakery Corp and asserted

control of Plaintiff's work conditions—thereby making him Plaintiff's "employer" within the meaning of the FLSA.

Defendants, by their default, admit Plaintiff's well-pleaded allegations of fact, as set forth in the Complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009). Therefore, Plaintiff has sufficiently shown the existence of an employment relationship between herself and Defendants. Taking the allegations in the Complaint as admitted, and based on Plaintiff's Notice of Joint Liability [ECF No. 16] and Declaration of Indebtedness [ECF No. 25-1], the Court finds Plaintiff has presented evidence that both Defendants were Plaintiff's "employer" within the meaning of the context of the FLSA, and should be held jointly and severally liable for any damages arising thereunder.

### B. Engaged in Interstate Commerce

To be "engaged in commerce" under the FLSA, Plaintiff "must be directly participating in the actual movement of persons or things in interstate commerce by: "(i) working for an instrumentality of interstate commerce," or "(ii) by regularly using the instrumentalities of interstate commerce in h[er] work." *Thorne v. All Restoration. Servs., Inc.,* 488 F.3d 1264, 1266 (11th Cir. 2006) (citations omitted). There are two different types of coverage under the FLSA: enterprise and individual. *See Polycarpe*, 616 F.3d at 1220 (citing *Thorne*, 448 F.3d at 1265-66). Plaintiff's FLSA claims are based on both enterprise and individual coverage. Enterprise coverage involves an employee who was "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Martines v. Palace*, 414 F. App'x 243, 245 (11th Cir. 2011) (citing 29 U.S.C. §§206(a), 207(a)(1); *see also Thorne,* 448 F.3d at 1265-66.

In the FLSA context, enterprise means that "the related activities performed (either through unified operation or common control) by any person for a common business purpose," and

commerce means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." *Nodell v. Nicky's Rest. Equipment, LLC*, 2023 U.S. Dist. LEXIS 6870 (S.D. Fla. Jan. 13, 2023) (quoting 29 U.S.C. §203(b);(r)(1)). An enterprise "engaged in commerce or in the production of goods for commerce" means that the enterprise (1) "has employees engaged in commerce or in the production of goods for commerce, or … has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) has "annual gross volume of sales made or business done [of] not less than $500,000." *Id.* (quoting 29 U.S.C. §203(s)(1)(A)).

In her Complaint, Plaintiff described Defendant Mama Pizza and Bakery Corp as a for-profit restaurant. [ECF No. 1 at ¶ 5]. She alleged that she worked for Defendants as a cleaner and that Defendants "regularly employed two or more employees for the relevant times that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce." [*Id.* at ¶¶ 12, 16]. Plaintiff alleges that Defendants engaged in interstate commerce because:

> 16. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.
>
> 17. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that have moved through interstate commerce.
>
> 18. Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.
>
> 19. Furthermore, Defendants regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going

> outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.
>
> 20. Defendants also engage in e-commerce through relationships with DoorDash, Postmates, and Uber Eats, which involve the regular and recurrent exchange of electronic information and payment through interstate communications.
>
> 21. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

[*Id.* at ¶¶ 16-21].

Plaintiff's Complaint sufficiently alleges enterprise coverage and engaging in interstate commerce under the FLSA because she stated the nature of her work (cleaner), the nature of Defendants' business (restaurant), and provided straightforward allegations tying that work to interstate commerce. *See Kinne v. Imed Health Prods.,* 2019 LX 45858, 124 A.F.T.R.2d (RIA) 2019-5058 (S.D. Fla. July 3, 2019) ("[T]o properly allege individual or enterprise coverage, an FLSA plaintiff need not do much. Aside from stating the nature of his work and the nature of his employer's business, he must provide only straightforward allegations connecting that work to interstate commerce."); *Nodell*, 2023 U.S. Dist. LEXIS 6870. Alternatively, Plaintiff is entitled to individual coverage because her work consisted of regularly and routinely cleaning with supplies that traveled in interstate commerce, which was closely related to the movement of commerce. [*See* ECF No. 1 at ¶¶ 15-21].

### C. Failure to Pay Minimum or Overtime Wages

#### a. Minimum Wages

The FLSA sets the federal minimum wage of $7.25 per hour. 29 U.S.C. § 206(a); *Parker Drilling Mgmt. Servs. v. Newton,* 587 U.S. 601, 617 (2019). Plaintiff alleges that "Defendants agreed to pay [her] $13.00 per hour of work she performed for them." [ECF No. 1 at ¶ 22]. However, Defendants paid her for only the first week-and-a-half of her employment—failing to

pay her whatsoever for her continued work between May 22, 2025, and July 11, 2025. [*Id* at ¶¶ 23-25]. Defendants' failure to pay Plaintiff at least an hourly rate of $7.25 between May 22 and July 11, 2025, violates the FLSA's wage requirements. Based on Plaintiff's unrefuted declaration of her hours worked, the Court finds she is owed $2,552.00 in unpaid minimum wages for that period. In the absence of employer records, an employee satisfies her burden by producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Because Defendants have provided no payroll records or other evidence to contradict Plaintiff's testimony, her calculations are accepted as a just and reasonable inference of her unpaid work.

### b. Overtime Wages

The FLSA addresses overtime compensation by "requiring time-and-a-half pay for work over 40 hours a week – even for workers whose regular compensation … exceeds the statutory minimum." *Helix Energy Sols. Grp., Inc. v. Hewitt,* 598 U.S. 39, 44 (2023); 29 U.S.C. § 207(a). Here, Plaintiff alleges that she agreed to be paid a regular hourly rate of $13.00 [ECF No. 1 at ¶ 22], and was therefore entitled to be paid overtime wages at a rate of $19.50 per hour (1.5 times her regular hourly rate) for all work she performed beyond forty hours per workweek [*Id.* at ¶¶ 29-30]. Plaintiff further alleges "Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate." [*Id. at* ¶¶ 25, 30]. Plaintiff has submitted a sworn declaration attesting that she is owed $1,228.50 in unpaid overtime wages based on the nine hours of overtime work she performed each week from May 10, 2025, to July 11, 2025. [ECF No. 25-1].

### D. **Liquidated Damages**

Here, Plaintiff seeks statutory liquidated damages. Pursuant to the FLSA, Defendants are

liable to Plaintiff for "unpaid minimum wages, or [her] overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b). "[L]iquidated damages are mandatory absent a showing of good faith." *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (citing *EEOC v. First Citizens Bank of Billings,* 758 F.2d 397, 403 (9th Cir.), *cert. denied,* 474 U.S. 902, 106 S. Ct. 228, 88 L. Ed. 2d 228 (1985). Due to Defendants' default and consequent failure to make a showing of good faith, this Court must award Plaintiff liquidated damages. *Id.* Plaintiff is therefore entitled to liquidated damages equal to her unpaid wages, totaling $3,780.50.

### E. Attorneys' Fees and Costs

As the prevailing party in this action for unpaid minimum and overtime wages under the FLSA, Plaintiff is entitled to recover reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b); Fla. Stat. § 448.08. Therefore, Plaintiff shall file a petition for an award of attorneys' fees and costs within fourteen days of the entry of this Order.

### IV. CONCLUSION

For the foregoing reasons, and because Defendants failed to appear or otherwise defend this action, the Court concludes that Plaintiff has established her FLSA claims and is entitled to a default final judgment. Defendants Mama Pizza and Bakery Corp and Vivian Ricardo Caesar are jointly and severally liable to Plaintiff for $2,552.00 in unpaid minimum wages, $1,228.50 in unpaid overtime wages, and $3,780.50 in liquidated damages. Plaintiff is also entitled to reasonable attorneys' fees and costs, the amount of which will be determined upon Plaintiff's post-judgment application (to be filed within fourteen days of this Order).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion [ECF No. 25] is **GRANTED**.

2.  Final Judgment shall be entered in favor of Plaintiff, Tatiana Fernanda Saperstein, and against Defendants, Mama Pizza and Bakery Corp and Vivian Ricardo Caesar, jointly and severally, in the total amount of $7,561.00, representing the above unpaid wages and liquidated damages.

3.  Plaintiff is the prevailing party and shall recover her reasonable attorneys' fees and costs, with the Court reserving jurisdiction to determine the amount of such fees and costs upon Plaintiff's application.

4.  The Clerk of the Court is instructed to **CLOSE** the case.

5.  The Court reserves jurisdiction to enter such other and further orders as deemed proper.

DONE AND ORDERED in Miami, Florida, on this _____ day of _____ 20__.

_____
CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE

Copies To:
*Designated U.S. Magistrate Judge*
*Counsel of Record by CM/ECF*