UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-24824-CIV-ALTONAGA/Reid

TATIANA FERNANDA SAPERSTEIN,

 Plaintiff,
v.

MAMA PIZZA AND BAKERY CORP, *et al.*,

 Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiff, Tatiana Fernanda Saperstein's Second Renewed Motion for Default Final Judgment [ECF No. 25], filed on December 23, 2025. The Court has reviewed the Motion, the record, and applicable law. For the following reasons, the Motion is granted.

**I. BACKGROUND**

This case arises from an employment dispute. Defendant, Mama Pizza and Bakery Corp. ("Mama Pizza") is a restaurant located in Miami-Dade County, Florida. (*See* Compl. [ECF No. 1] ¶ 5). Defendant, Vivian Ricardo Caesar, oversaw Mama Pizza's day-to-day operations and was responsible for paying Plaintiff's wages. (*See* Compl. [ECF No. 1] ¶¶ 5–6; *see also generally id.*).

Plaintiff worked as a cleaner at Mama Pizza from approximately May 10, 2025, to July 11, 2025. (*See id.* ¶ 12). Her duties involved cleaning the restaurant, including the dining area, bathrooms, and kitchen. (*See id.* ¶ 14). Defendants agreed to pay Plaintiff $13 per hour of work. (*See id.* ¶ 22). While Plaintiff was paid $780 for the first 60 hours of work she performed (*see id.*

¶¶ 23–24), she was not paid at all for 415 hours of subsequent work, including 63 hours of overtime work (*see id.* ¶ 25; Mot., Ex. A, Decl. of Indebtedness ("Saperstein Decl.") [ECF No. 25-1] ¶ 3).

On October 20, 2025, Plaintiff filed her Complaint, asserting two claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA") against both Defendants: unpaid minimum wages, in violation of 29 U.S.C. section 206 (Count I); and unpaid overtime wages, in violation of 29 U.S.C. section 207 (Count II).  (*See generally* Compl.).  On November 25, 2025, the Clerk entered a Default [ECF No. 13] against Defendants after they failed to timely respond to the Complaint or otherwise appear.  That same day, the Court entered an Order [ECF No. 14] directing Plaintiff to file either a motion for default final judgment or a notice of joint liability as to Defendants.  (*See* Nov. 25, 2025 Order 1–2).  After Plaintiff filed a Notice of Joint Liability [ECF No. 16], the Court entered an Order [ECF No. 17] instructing her to file a motion for default final judgment.

In the Motion, Plaintiff moves for final default judgment on both Counts of her Complaint; and seeks $7,561.00 from Defendants, jointly and severally, in unpaid minimum and overtime wages and liquidated damages.  (*See* Mot. 4–6; *see also generally id.*, Ex. B, Proposed Final J. [ECF No. 25-2]).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint.  "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (alteration added; quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Granting a motion for default judgment is within the trial court's discretion.  *See Nishimatsu*, 515 F.2d at 1206.

Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . ." (alterations added)). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (alteration added; citations omitted). Even if a complaint states a claim, the court must still "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Sublett v. Landshark Grp., Inc.*, No. 20-cv-128, 2021 WL 5055074, at *6 (N.D. Fla. Aug. 26, 2021) (quoting *Credit Lyonnais Sec. (USA) v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

### III. DISCUSSION

#### A. FLSA Minimum Wage and Overtime Claims (Counts I–II)

***Liability.*** Under the FLSA, employers are required to pay a minimum wage and overtime to covered employees. *See* 29 U.S.C. §§ 206–07. The FLSA creates a private right of action for an employee to recover unpaid wages, overtime, and liquidated damages when an employer fails to comply with the statute. *See id.* § 216(b). To state an unpaid-wages claim under the FLSA, "an employee must allege (1) an employment relationship with a covered employer; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages." *Ray v. Adams & Assocs., Inc.*, 599 F. Supp. 3d 1250, 1256 (S.D. Fla. 2022) (citing *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

There are two ways an employee can be covered by the law: (a) enterprise coverage and (b) individual coverage. *See id.* (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264,

1265–66 (11th Cir. 2006); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010)). "Alleging enterprise liability is not onerous; rather, it requires that a plaintiff identify [her] work and provide only straightforward allegations connecting that work to interstate commerce, as well as at least bare bones allegations that gross sales exceed $500,000." *Brown v. Everest Moving & Storage, Inc.*, No. 12-62530-Civ, 2013 WL 12126001, at *2 (S.D. Fla. Aug. 20, 2013) (alteration added; quotation marks omitted; quoting *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373 (S.D. Fla. 2012)). The FLSA also permits an employee to recover against an individual associated with the employer if that individual held "control over significant aspects of the company's day-to-day functions, including compensation of employees or other matters in relation to an employee." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1314 (11th Cir. 2013) (alteration adopted; quotation marks and citation omitted).

In the Complaint, Plaintiff describes her work and asserts that Mama Pizza has annual revenues over $500,000 and at least two employees engaged in interstate commerce (*see* Compl. ¶¶ 12, 15–21), thereby establishing enterprise coverage. She further alleges that Caesar had responsibility for paying Plaintiff and for "significant [day-to-day] operational decisions" (*id.* ¶ 6 (alteration added)); and Defendants failed to pay Plaintiff minimum wages and overtime compensation (*see id.* ¶¶ 25, 30). Together, these facts establish that Defendants are jointly and severally liable for violations of 29 U.S.C. sections 206–07, as alleged in Counts I and II of the Complaint. *See Sumner v. Garner*, No. 18-cv-40, 2019 WL 5188434, at *2 (M.D. Fla. June 26, 2019) (discussing joint and several liability under the FLSA (citation omitted)), *report and recommendation adopted*, No. 18-cv-40, 2019 WL 5184636 (M.D. Fla. July 15, 2019).

***Damages.*** Where additional evidence would be unnecessary because the record adequately supports the award of damages, a court need not conduct an evidentiary hearing. *See SEC v. Smyth*,

420 F.3d 1225, 1232 n.13 (11th Cir. 2005). "In the context of an FLSA default judgment, affidavits may be the only means of establishing a plaintiff's damages when a defendant employer has not come forward with time records of its own." *Brown*, 2013 WL 12126001, at *2 (citations omitted).

Here, Plaintiff provides a declaration, based on personal knowledge, indicating she was employed by Defendants during the period of the claims. (*See generally* Saperstein Decl.). She attests she worked 415 unpaid hours between May 10, 2025 and July 11, 2025, including 63 hours of overtime work. (*See id.* ¶ 3). Plaintiff seeks $2,552.00 in unpaid minimum wages, consisting of the federal minimum wage of $7.25 for each unpaid non-overtime hour; and $1,228.50 in unpaid overtime wages, comprised of $19.50 — one and one-half times her agreed-upon rate of $13 per hour — for each overtime hour worked. (*See generally id.*; Mot.).

Plaintiff provides sufficient evidence of her actual damages to support these amounts. (*See generally* Saperstein Decl.); *see also* 29 U.S.C. § 206 (setting the federal minimum wage at $7.25 an hour); *Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 44 (2023) (explaining that the FLSA authorizes damages of the federal minimum wage for unpaid non-overtime hours; and "require[es] time-and-a-half pay for work over 40 hours a week — even for workers whose regular compensation far exceeds" the federal minimum wage (citations omitted)).

Plaintiff also seeks $3,780.50 in liquidated damages. (*See* Mot. 6). Where there has been a finding that an employer violated the FLSA, a court "generally must award a plaintiff liquidated damages that are equal in amount to actual damages." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)); *see also Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) ("[L]iquidated damages are mandatory absent a showing of good faith." (alteration added; citation omitted)). Liquidated damages may be awarded in default judgment cases. *See, e.g.*, *Jimenez v. Elite Assocs. & Grp., Inc.*, No. 07-cv-638, 2008 WL 638329,

at *5 (M.D. Fla. Mar. 5, 2008); *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 684 (M.D. Fla. 2008).  Consequently, Plaintiff is also entitled to $3,780.50 in liquidated damages. (*See* Saperstein Decl. ¶ 4).

To the extent Plaintiff intends to seek her attorney's fees and costs (see Mot. 2, 6), the Court declines to decide costs and attorney's fees until after the resolution of any appeal or motion for reconsideration; or, if none is filed, until after the period of time allotted for such action has passed, *see Belize Telecom, Ltd. v. Gov't of Belize*, 528 F.3d 1298, 1310 (11th Cir. 2008) ("[W]e leave for the district court to determine whether a stay or a hearing on costs and fees is appropriate, given the pending appeal[.]" (alterations added)).

## IV.  CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Tatiana Fernanda Saperstein's Second Renewed Motion for Default Final Judgment **[ECF No. 25]** is **GRANTED**.  Default final judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 8th day of January, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record