UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-24824-CIV-ALTONAGA/Reid

**TATIANA FERNANDA SAPERSTEIN**,

    Plaintiff,
v.

**MAMA PIZZA AND BAKERY CORP**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Tatiana Fernanda Saperstein's Verified Motion for Attorneys' Fees and Costs [ECF No. 28], filed on February 6, 2026. Defendants, Mama Pizza and Bakery Corp and Vivian Ricardo Caesar did not respond. The Court has considered the Motion, the record, and applicable law. For the following reasons, the Motion is granted in part.

### I. BACKGROUND

On October 20, 2025, Plaintiff filed a Complaint [ECF No. 1] asserting claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 *et seq.*, against both Defendants. (*See generally* Compl.). Neither Defendant appeared or responded to the Complaint, and the Court entered an Order [ECF No. 27] on January 8, 2026, granting Plaintiff's Second Motion for Default Judgment [ECF No. 25] and awarding her $7,561.00 in damages. (*See* January 8 Order [ECF No. 27] 1).[1] The Court "retain[ed] jurisdiction to enforce the Judgment and to consider any motion for attorney's fees, expenses, and costs." (*Id.* (alteration added)).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

After Defendants' time to appeal expired, *see* Fed. R. App. P. 4(a)(1)(A), Plaintiff filed this Motion, seeking an award of $15,705 in fees and $604.80 in costs under the FLSA (*see* Mot. ¶ 6).

## II.  LEGAL STANDARD

A prevailing plaintiff in an FLSA case is entitled to an award of reasonable attorney's fees and costs. *See* 29 U.S.C. § 216(b) ("The court in [FLSA] action[s] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (alterations added)).  The burden of establishing that the fee request is reasonable rests with the fee applicant, who must supply the Court with "specific and detailed evidence" in an organized fashion. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  A plaintiff bears the burden of establishing the requested hourly rates are reasonable, *cf. Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); and that the fees do not arise from "hours that are excessive, redundant, or otherwise unnecessary," *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).  The trial court is "an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).  Therefore, on a motion for attorney's fees, the Court need not hold a hearing; and does not do so here. *See id.* at 1304; *see also Thompson v. Pharm. Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (citing *Norman*, 836 F.2d at 1303).

A court is "not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428.  Furthermore, in determining what is a reasonable

2

hourly rate and what number of compensable hours is reasonable, the Court considers the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (alteration added; footnote call number omitted). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted); *see also Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

### III.  DISCUSSION

The Court first evaluates the reasonableness of Plaintiff's counsels' hourly rates and the number of hours worked and then turns to Plaintiff's request for recovery of costs.

***Hourly Rate.*** "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). A fee applicant bears the burden of demonstrating with satisfactory evidence that his counsels' rates are reasonable. *See Brooks v. Peer Rev. Mediation & Arb., Inc.*, No. 11-61630-Civ, 2012 WL 5410405, at *3 (S.D. Fla. Nov. 6, 2012). Evidence may consist of direct evidence of charges by lawyers under similar circumstances or opinion evidence. *See Norman*, 836 F.2d at 1299. On the issue of reasonable rates, the Court

itself is considered an expert and can make an informed decision about a proper hourly rate even without outside testimony. *See Norman*, 836 F.2d at 1303; *Loranger*, 10 F.3d at 781.

Plaintiff asks the Court to award fees at a rate of $550 per hour for its lead attorney, Brian Pollack. (*See* Mot. 5). Mr. Pollack has over 26 years of experience and "has appeared as counsel of record in over 500 cases in Florida federal courts[.]" (*Id.* 6–7 (alteration added)). Plaintiff states that this same hourly rate was recently approved in a comparable FLSA action. (*See* Mot. 5); *see Fernandez Reyes v. Vera*, No. 25-cv-21678, Order Granting Plaintiff's Motion . . . [ECF No. 31] filed January 26, 2026 (S.D. Fla. 2026) (finding Mr. Pollack's rate of $550 per hour to be "reasonable"). While $550 is at the high end of the range for rates awarded in this District for FLSA attorneys, *see Jackson v. Waste Pro of Fla., Inc.*, No. 22-cv-60330, 2022 WL 4631096, at *4 (S.D. Fla. Sept. 13, 2022), *report and recommendation adopted*, No. 22-cv-60330, 2022 WL 4598677 (S.D. Fla. Sept. 30, 2022), the Court is satisfied Plaintiff has met her burden of demonstrating that Mr. Pollack's rate is reasonable.

Plaintiff next seeks $375 and $275 per hour for associate attorneys, Patrick Brooks LaRou and Katelyn Schickman, respectively. (*See* Mot. 8–9). Mr. LaRue has three years of experience, while Ms. Schickman has practiced since May 2025. (*See id.* 8–10). Upon review, the Court finds both rates to be somewhat excessive.

Courts have often found rates comparable to Mr. LaRue's to be appropriate for lead attorneys or those with more than ten years in practice. *See, e.g.*, *Epsilantis v. Scozzari Roof Servs. Contracting & Consulting, Inc.*, No. 21-14195-Civ, 2024 WL 2419033 (S.D. Fla. May 3, 2024), *report and recommendation adopted*, No. 21-14195-Civ, 2024 WL 2377414 (S.D. Fla. May 23, 2024) (finding a rate of $375 per hour to be reasonable for attorneys with ten and fifteen years of experience). Courts have likewise determined that rates closer to $250 are appropriate for

attorneys with experience more comparable to Mr. LaRue's. *See Tissone v. Osco Food Servs., LLC*, No. 19-cv-61358, 2021 WL 1529915, at *5 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-Civ, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (concluding that $250 per hour was a reasonable rate for a mid-level associate attorney). In light of this caselaw, and guided by its own knowledge, experience, and the *Johnson* factors, the undersigned finds that a rate of $300 is reasonable for Mr. LaRue.

Next, the Court finds that $225 — and not the requested $275 — is a reasonable rate for Ms. Schickman, as she has practiced law for less than one year. *See Richardson v. Fla. Drawbridges Inc.*, No. 21-cv-80803, 2023 WL 2251397, at *9 (S.D. Fla. Feb. 27, 2023) (concluding that $175 was "a reasonable rate for a newly barred attorney in South Florida" in 2023).

Finally, the Court agrees that $165 per hour is an appropriate rate for 11th-year paralegal Steffany Sanguino. Courts have approved comparable rates charged by paralegals with similar experience. *See Leon v. Atlass Sys. Inc.*, No. 15-1524428-Civ, 2016 WL 1692107, at *3 (S.D. Fla. Apr. 19, 2016) (finding $135 to be a reasonable hourly rate for an experienced paralegal); *see also Figuera v. All VIP Care, Inc.*, No. 22-61553-Civ, 2024 WL 4110542, at *4 (S.D. Fla. Aug. 15, 2024), *report and recommendation adopted*, No. 22-61553-Civ, 2024 WL 4103758 (S.D. Fla. Sept. 6, 2024) (awarding Ms. Sanguino $150 per hour in 2024). The Court does the same here.

***Number of Hours.*** Next, the Court considers whether Plaintiff's requested number of hours is reasonable. Fees arising from "hours that are excessive, redundant, or otherwise unnecessary" should be excluded from an award of attorney's fees. *Hensley*, 461 U.S. at 434. Plaintiff, as the party seeking fees, must supply the Court with "'specific and detailed evidence' in

CASE NO. 25-24824-CIV-ALTONAGA/Reid

an organized fashion." *Machado v. Da Vittorio, LLC*, No. 09-23069-Civ, 2010 WL 2949618, at *1 (S.D. Fla. July 26, 2010) (quoting *Norman*, 836 F.2d at 1303).

Plaintiff submits a specific and detailed accounting of the work her attorneys performed over the course of this litigation, reflecting 52.7 hours billed in total. (*See* Mot. 10; *see also id.*, Ex. A [ECF No. 28-1]). Considering the factors outlined in *Johnson* — in particular, the time and labor required — these hours are reasonable. Courts have found total hours in this range to be reasonable for litigating an FLSA case through a default final judgment. *See, e.g.*, *Rojas Suarez v. Marbridge Restoration, LLC*, No. 24-22780-Civ, 2025 WL 2840691, at *2 (S.D. Fla. May 20, 2025) (determining that 50.9 hours were reasonable in an FLSA default judgment case); *see also Wright v. Holifield*, No. 11-0658-Civ, 2013 WL 105768, at *3 (S.D. Ala. Jan. 9, 2013) (concluding that 44.3 billable hours for an FLSA claim were reasonable). Plaintiff notes "undersigned counsel exercised billing discretion by not billing for every call, email, or interaction with Ms. Saperstein, inter-office communications, or the Court, even though these interactions were compensable time that could have been billed." (Mot. 4). And a careful review of the time entries indicates the attorneys and paralegal were reasonable with their time.

In sum, Plaintiff is entitled to recover $13,437.50 in attorney's fees.

***Costs.*** Plaintiff seeks $604.80 in costs for the following:

| | |
|---|---|
| Filing Fee | $405.00 |
| Service | $183.60 |
| Postage | $16.20 |

(*See* Mot. 11). The FLSA authorizes a prevailing party to recover "costs enumerated in 28 U.S.C. [section] 1920." *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315 (S.D. Fla. 2009) (alteration added; citing *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988)); *see also* 29 U.S.C. § 216(b).

CASE NO. 25-24824-CIV-ALTONAGA/Reid

Costs related to serving a defendant, filing an action, and obtaining a summons are recoverable under section 1920. *See Gayle v. Spark of Hope, LLC*, No. 18-60345-Civ, 2019 WL 11506182, at *4 (S.D. Fla. Dec. 4, 2019), *report and recommendation adopted*, 2019 WL 11506151 (S.D. Fla. Dec. 30, 2019) (citations omitted). But postage costs are not. *See Lezer Corp. v. Noble Partners, LLC*, No. 20-23235-Civ, 2021 WL 883492, at *3 (S.D. Fla. Feb. 19, 2021), *report and recommendation adopted*, No. 20-23235-Civ, 2021 WL 880280 (S.D. Fla. Mar. 9, 2021) ("Courts in the Eleventh Circuit have found that 'mailing costs are not recoverable under 28 U.S.C. § 1920.'") (citation omitted). Plaintiff's request for postage costs is therefore denied, and she is entitled to recover $588.60 in costs.

## IV. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Tatiana Fernanda Saperstein's Verified Motion for Attorneys' Fees and Costs **[ECF No. 28]** is **GRANTED in part**. Plaintiff is entitled to recover $13,437.50 in fees and $588.60 in costs, for which sums let execution issue.

**DONE AND ORDERED** in Miami, Florida, this 6th day of March, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record